UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENYA JAROD FRANKLIN,

    Petitioner,

v.    Case No: 5:22-cv-111-BJD-PRL

STATE OF FLORIDA,

    Respondent.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, a pretrial detainee at the Marion County Jail, initiated this case by filing a pro se document titled "Petition for Removal of the Criminal Action to This Court Under 28 U.S.C. § 1443" (Doc. 1; Pet.), which the Clerk docketed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner contends that the government officials involved with his criminal action, including the judge, are "violating [their] sworn oaths . . . to uphold the and support the Constitution," because he was charged under an information rather than an indictment, and he is being held without bond. See Pet. at 2 (internal punctuation omitted). Petitioner asks the Court to grant his motion or issue a writ of habeas corpus. Id. at 4.

Petitioner's criminal charges are not the kind that can be removed to federal court under 28 U.S.C. § 1443. That section provides,

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> **(1)** Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> **(2)** For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. Subsection (2) applies only to federal officers or agents. Mississippi v. Peacock, 384 U.S. 808, 824 (1966). Subsection (1) applies only when a petitioner alleges he is being denied or cannot enforce a right under any "law providing for specific civil rights stated in terms of racial equality." Georgia v. Rachel, 384 U.S. 780, 792 (1966). In other words, § 1443(1) "applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights." Id. (quoting New York v. Galamison, 342 F.2d 255, 269 (2d Cir. 1965)). See also Peacock, 384 U.S. at 828 ("Under [§] 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.").

According to his criminal dockets, Petitioner has been charged with a failure to comply with sex offender reporting requirements. See State of Florida v. Kenya Franklin, Nos. 2018-CF-0961-A-X, 2019-CF-2862-A-X, Marion County Clerk of Court website, available at https://www.marioncountyclerk.org/ (last visited Apr. 21, 2022).[1] It appears he seeks relief in this Court merely because he disagrees with the state court judge's orders denying his various pro se motions, including a motion for a writ of habeas corpus based on the alleged deficiency of initiating criminal charges against him through an information, and a motion for the judge to recuse herself. See Pet. at 19-20, 29-30, 34, 41-42.

Petitioner fails to allege he is being denied a right under federal law stated in terms of racial equality. His suggestion that he may not get a fair trial in state court or that the charging document was insufficient does not implicate § 1443(1). As such, he may not invoke this Court's jurisdiction under that section. See Peacock, 384 U.S. at 827 ("It is not enough to support removal under [§] 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials

---

[1] Petitioner's cases are set for trial on July 1, 2022. See State of Florida v. Kenya Franklin, Nos. 2018-CF-0961-A-X, 2019-CF-2862-A-X, Marion County Clerk of Court website, available at https://www.marioncountyclerk.org/ (last visited Apr. 21, 2022).

3

in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court."). See also State v. Weber, 665 F. App'x 848, 852 (11th Cir. 2016) (holding the district court properly found a criminal defendant could not remove his criminal action to the federal court where he was charged with failure to register as a sex offender, and "his allegations were not based on violations of racial equality").

Not only has Petitioner failed to properly invoke this Court's jurisdiction under § 1443(1), his notice of removal is untimely. See 28 U.S.C. § 1455(b) ("A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier . . . ."). Petitioner was arraigned in 2018 and 2019. See State of Florida v. Kenya Franklin, Nos. 2018-CF-0961-A-X, 2019-CF-2862-A-X, Marion County Clerk of Court website, available at https://www.marioncountyclerk.org/ (last visited Apr. 21, 2022).[2]

Accordingly, the Court directs the **Clerk** to **REMAND** this case to the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, and, thereafter, terminate any pending motions and close this case.

---

[2] To the extent Petitioner requests that this Court interfere with his ongoing state court criminal proceedings, the Court declines to do so, for the reasons stated before. See Order (Doc. 28) Case No. 5:20-cv-140-JLB-PRL.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of April, 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax6
c:
Kenya Jarod Franklin, #A0047446